23-7999-cv
*Samaroo v. The Bank of New York Mellon*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of June, two thousand twenty-five.

PRESENT:     GERARD E. LYNCH,
             SARAH A. L. MERRIAM
             MARIA ARAÚJO KAHN,
                  *Circuit Judges*.

_____

KARAMCHAND SAMAROO,

    *Plaintiff-Appellant*,

      v.                                                23-7999-cv

THE BANK OF NEW YORK MELLON,

    *Defendant-Appellee*.

_____

FOR PLAINTIFF-APPELLANT:            KARAMCHAND SAMAROO, *pro se*, New
                                    York, NY.

FOR DEFENDANT-APPELLEE:          W. JOHN LEE, Morgan, Lewis & Bockius LLP, Philadelphia, PA (Daniel A. Kadish, Morgan, Lewis & Bockius LLP, New York, NY, *on the brief*).

Appeal from an order of the United States District Court for the Southern District of New York (Torres, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the November 14, 2023, order of the District Court is **AFFIRMED.**

Plaintiff-appellant Karamchand Samaroo, proceeding *pro se*, appeals the District Court's order denying his post-judgment motion to amend the complaint. *See Samaroo v. Bank of New York Mellon*, No. 1:21CV02441(AT), 2023 WL 7545513 (S.D.N.Y. Nov. 14, 2023). In 2021, Samaroo filed suit against defendant-appellee The Bank of New York Mellon (the "Bank"), alleging that the Bank unlawfully terminated his employment in violation of the Sarbanes-Oxley Act of 2002 ("SOX") because Samaroo had engaged in protected whistleblowing activity by raising internal complaints and concerns about fraud. On September 7, 2022, the District Judge adopted a Report and Recommendation ("R&R") by the Magistrate Judge, dismissing the original complaint without prejudice. The R&R identified the pleading deficiencies in the original complaint and recommended that Samaroo "schedule an appointment with the pro se legal clinic . . . to see whether its staff can assist him in preparing an amended pleading." *Samaroo v. Bank of New York Mellon*, No. 1:21CV02441(AT)(KHP) (S.D.N.Y. Oct. 5, 2021), ECF No. 25 at 10. The

2

District Court's September 7, 2022, order of dismissal granted Samaroo leave to file a motion to amend within 21 days.

Samaroo did not file a motion to amend the complaint at that time. Instead, on September 16, 2022, he filed a notice of appeal, and on May 17, 2023, we affirmed the District Court's order of dismissal. *See Samaroo v. Bank of New York Mellon*, No. 22-2041-cv, 2023 WL 3487061 (2d Cir. May 17, 2023) (summary order). Six days after we issued that affirmance, and before the mandate had issued, Samaroo filed a motion in the District Court to amend the complaint. The District Court construed Samaroo's motion as a motion to alter or amend the judgment under either Rule 59(e) or 60(b). The Magistrate Judge issued an R&R concluding that relief was not warranted under Rule 59(e) because Samaroo "point[ed] to no controlling law or facts that the Court overlooked or other basis for altering or amending the judgment." Supp. App'x at 12. The R&R further concluded that relief was not warranted under Rule 60(b), finding that "[n]one of the grounds" for relief under that Rule applied. *Id.* The District Judge adopted the R&R in its entirety, denying the motion on those grounds. *See id.* at 44-46.

On appeal, Samaroo does not challenge the District Court's decision to construe his motion to amend as a motion to alter or amend the judgment. He does not challenge the District Court's finding that he was not entitled to relief under either Rule 59 or Rule 60. Indeed, neither Samaroo's main brief nor his reply brief on appeal even mentions Rule 59 or Rule 60. He raises no challenge at all to the findings and conclusions of the

3

District Court.   He has therefore abandoned any challenge to the order.

> [W]hile we liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest, pro se appellants must still comply with Federal Rule of Appellate Procedure 28(a), which requires appellants in their briefs to provide the court with a clear statement of the issues on appeal. Accordingly, a pro se litigant abandons an issue by failing to address it in the appellate brief.

*Green v. Dep't of Educ. of City of New York*, 16 F.4th 1070, 1074 (2d Cir. 2021) (per curiam) (citations and quotation marks omitted).

We have considered Samaroo's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4